IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    v.<br><br>JAMES PRESSLEY,<br><br>           Defendant. | Criminal No. 07-974 (JBS)<br><br>**MEMORANDUM OPINION** |

SIMANDLE, District Judge:

    On August 8, 2008, Defendant James Pressley was sentenced to twenty-four months incarceration. The Bureau of Prisons designated Federal Correction Center at Fort Dix, New Jersey, as his place of confinement, where the Bureau of Prisons has admitted Pressley into a drug treatment program.

    The case is presently before the Court upon motion of Defendant Pressley, through his attorney, for resentencing through which the Court would allow Pressley to complete the last six months of his sentence in home confinement.

    Opposition dated June 10, 2009 has been received on behalf of the United States.

    The Court finds that it lacks jurisdiction to modify the defendant's sentence. Pursuant to 18 U.S.C. § 3582(c), a district court "may not modify a term of imprisonment once it has been imposed," unless one of three limited situations arises, none of which is present here. First, Section 3582(c)(1)(A) is

inapplicable as no motion has been brought by the Director of the Bureau of Prisons to modify Mr. Pressley's sentence.  Second, defendant has not identified any statutory basis for modifying his sentence, nor does Rule 35 of the Federal Rules of Criminal Procedure provide relief.

Any resentencing under Rule 35 is limited by a seven-day time limit which is jurisdictional.  United States v. Higgs, 504 F.3d 456, 464 (3d Cir. 2007).  The seven-day period elapsed long ago, and this Court cannot modify this sentence.

Moreover, even if this matter were within the ambit of a proper Rule 35 motion for reduction, it could not be granted because the Bureau of Prisons maintains the discretion to determine whether to transfer an inmate to home confinement.  18 U.S.C. § 3624(c).  Under the Bureau of Prisons' residential drug abuse program, Mr. Pressley may be entitled to early release pursuant to 18 U.S.C. § 3621(e)(2)(B), but the determination whether he qualifies for early release and where he should complete any subsequent period of community or home confinement is within the discretion of the Bureau of Prisons.  18 U.S.C. § 3621.  In the event that the Bureau of Prisons makes an adverse determination on the subject of Pressley's release after completion of the ARDAP program, Mr. Pressley would be required to exhaust administrative remedies, and the present motion gives

no indication that this has occurred either.  See 28 C.F.R. §§ 542.10 et. seq. and 550.57.

For these reasons, the accompanying Order will be entered denying this motion.


**June 15, 2009**                         **s/ Jerome B. Simandle**
Date                                      JEROME B. SIMANDLE
                                          U.S. District Judge